Nicholas D. Myers (State Bar No. 251809)
 *nicholas@themyerslg.com*
Michael M. Kowsari (State Bar No. 186899)
 *michael@themyerslg.com*
**THE MYERS LAW GROUP**
4695 MacArthur Court, Suite 200
Newport Beach, California 92660
Telephone:  949.825.5590
Facsimile:  949.861.6220
Email: *litigation@themyerslg.com*

Attorneys for Plaintiff LITTLE MISS PARTY PLANNER, LLC, a New York limited liability company

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE MISS PARTY PLANNER, LLC, a New York limited liability company,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NATALIE MARENGO also known as NATALIE GARTNER also known as NATALIE ROSE, an individual; LITTLE MISS PARTY PLANNER LLC, an Ohio limited liability company; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.  **'21CV2139 CAB BGS**<br><br>**COMPLAINT FOR:**<br><br>1.　Trademark Infringement (15 U.S.C. § 1114)<br><br>2.　False Designation of Origin (15 U.S.C. § 1125(a))<br><br>3.　Trademark Dilution (15 U.S.C. § 1125(c))<br><br>4.　California Statutory Dilution (Cal. Bus. & Prof. Code § 14247 *et seq.*)<br><br>5.　California Statutory Unfair Competition (Cal. Bus. & Prof. Code § 17200 *et seq.*)<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

COMPLAINT

Plaintiff, Little Miss Party Planner, LLC, a New York limited liability company ("LMP" or "Plaintiff"), for its Complaint against Natalie Marengo also known as Natalie Gartner and also known as Natalie Rose as well as against Little Miss Party Planner LLC, an Ohio limited liability company (collectively "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action for trademark infringement, false designation of origin and dilution under the Lanham Act, 15 U.S.C. § 1114(a) and 15 U.S.C. § 1125(a) and (c); state statutory trademark dilution; and unfair competition under California Business & Professions Code § 17200 *et seq*. This Court has subject matter jurisdiction over the claims arising under the Lanham Act pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over all the Defendants as each has sufficient minimum contacts in the State of California to satisfy California's long-arm statute and Constitutional due process requirements.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) as Defendants reside in this District and because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District.

## THE PARTIES

4. Plaintiff LMP is a New York limited liability company with its principal place of business located at 263 Spanish Creek Drive in Ponte Vedra, Florida 32081.

5. On information and belief, Defendant Natalie Marengo also known as Natalie Gartner and also known as Natalie Rose resides at 1304 Santa Ynez Avenue, Apartment 340 in Chula Vista, California 91913.

6. On information and belief, Defendant Little Miss Party Planner LLC is an Ohio limited liability company with its principal place of business located at 1304 Santa Ynez Avenue, Apartment 340 in Chula Vista, California 91913.

7. The true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 10 are presently unknown to Plaintiff, who therefore sues said Defendants by such fictious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of said Defendants when it has ascertained such information. Plaintiff is informed and believes that each Defendant named herein as Does 1 through 10 has participated in some or all of the acts or conduct alleged in the Complaint and is liable to Plaintiff by reason thereof.

8. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, Defendant Marengo was, and is, the alter ego of Defendant Little Miss Party Planner LLC, in that there is such a unity of interest and ownership that the individuality or separateness of the individual and corporation has ceased, and an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice.

9. Wherever appearing in this Complaint each and every reference to Defendants, or to any of them, is intended to and shall refer to all Defendants, named and un-named, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### LMP and its Associated Service Mark

10. LMP is a full service event planning company specializing in event management and production for a wide assortment of occasions from intimate social gatherings to bridal showers and weddings and from networking events to company product launches.

11. LMP was formed in 2009 by Seri Kertzner who had a vision of a company that did not just stage events using a milieu of rote, standard fare ideas but one with an eye to the special details of the customer so as to create a uniquely

1  customized and tailored event making it a truly special experience for those in
2  attendance.
3     12.   Through tireless dedication and effort, LMP's unique focus on its clients
4  earned it acclaim not only from its clients but also from others in the trade.
5     13.   LMP has since collaborated with such high-profile and diverse
6  companies as SCHWEPPES, HALLMARK, MAYBELLINE, VANITY FAIR, and KETTLE
7  BRAND.
8     14.   At the same time the company has been the recipient of such
9  distinguished industry awards as recognition as a *Carousel Influencer*.
10    15.   The ingenuity, creative-flair and distinctive quality of the events planned
11 by LMP has also garnered widespread media attention and acclaim with the company
12 featured in such high-profile media sources as the *NBC Today Show*, *Martha Stewart*,
13 *The New York Times, Kara's Party Ideas*, *Style Me Pretty* and *USA Today* as well as
14 print features in such well-known publications as *Brides*, *Redbook*, *Women's Health*,
15 *Better Homes & Garden*, *Make it Better* and *W* magazine.
16    16.   LMP has marketed, promoted and offered its services to customers
17 throughout the United States using the mark "Little Miss Party" through a variety of
18 forums, including the Internet and various social media accounts. Specifically,
19 LMP's website is located at littlemisspartyplanner.com and it has the following
20 social media accounts: Instagram (www.instagram.com/littlemisspartyinabox),
21 Pinterest (www.pinterest.com/LMPNYC), Facebook (www.facebook.com/lmpnyc)
22 and YouTube (www.youtube.com/littlemissparty). Examples of such use of the
23 mark on LMP's website is reproduced below:
24 ///
25 ///
26 ///
27 ///
28 ///










17. To protect the valuable goodwill it had garnered, on October 11, 2011, LMP filed an application with the United States Patent and Trademark Office ("PTO") to register the service mark LITTLE MISS PARTY, in International Class 41 for use with "*Arranging and conducting special events for social entertainment purposes; Arranging, organizing, conducting and hosting social entertainment events; Consultation in the field of special event planning for social entertainment purposes; Party and wedding planning and coordination services; Party and wedding planning consultation services; Party and wedding planning, coordination and consultation services; Party planning consultation; Providing information in the field of wedding party planning; Providing information regarding wedding planning for wedding parties; Special event planning for social entertainment purposes; Wedding planning and coordination services.*"

18. The PTO thereafter registered the LITTLE MISS PARTY® mark on August 7, 2012, assigning it Registration No. 4,185,442 (the "'442 Mark").

19. The '442 Mark's registration was renewed in 2017, and it has since achieved incontestable status.

**Defendants Wrongful Conduct**

20. Beginning in 2018 Defendants have been offering special event planning services for weddings and other occasions using the words "Little Miss Party" either by itself or in combination with other words or phrases to market, promote, advertise and offer their services.

21. For instance, Defendants have a website located at https://natalieroseandco.wixsite.com/lmpp. The content of this website is replete with use of the words "Little Miss Party" either alone or in conjunction with other words or phrases to promote Defendants services. Example of such usage is reproduced below:

///
///



///
///
///
///
///
///

> # Weddings
>
> Little Miss Party Planner offers full-service planning, design, production and coordination for weddings and special occasions all over California while inspiring brides all over the world! Our mission is to learn about our clients, understand their vision, and offer creative and novel ideas to make their perfect day come to life. Our goal is to make sure that each detail comes together flawlessly and to always exceed expectations. Little Miss Party Planner offers various levels of service ranging from day-of wedding coordination to complete event planning, concept design, and execution of your entire event. Let us lead you effortlessly by the hand through this wonderful experience, and let's have some fun! Contact us to find out how we can help you envision, execute, and enjoy your event!

22. Defendant Natalie Marengo also identifies herself on her LinkedIn account available at www.linkedin.com/in/natalie-gartner-775538157 as the "Founder/Creative Director at Little Miss Party Planner LLC."

23. Defendants have also marketed and promoted their services using the words "Little Miss Party" either alone or in combination with other words or phrases on third party websites such as Bark, Wedding Day, and Blackroster all of which match consumers seeking such event planning services with companies that provide the same. For instance, Defendants market themselves on the Eventswish website as "Little Miss Party Planner" a provider of "full-service planning, design, production and coordination for weddings and special occasions all over California." Adding insult to injury, and confirming Defendants are well aware of LMP, is the fact that in their promotion on the Eventswish website Defendants utilized a photograph taken from a 70th birthday event planned by LMP!

///
///
///



Little Miss Party Planner

24. It is damaging enough that Defendants are willfully using LMP's service mark to advertise, promote and offer their services, but the poor quality of those services and Defendants' shady business practices has further deepened the harm caused to LMP by their infringement. Customers of Defendants have complained of being promised beautiful events only for Defendants to disappear after receiving payment but without providing the promised service to their clients.

25. Posts on social media accounts have proliferated about Defendants' poor performance/shady business practices while also using the words "Little Miss Party" in describing those negative services (or lack thereof) provided. *See* www.instagram.com/blushbloomsandco_scam and www.instagram.com/adalynroseandco_scam.

26. Complaints and negative reviews from Defendants customers have also appeared in influential customer forums on the Internet such as Yelp! similarly using

the words "Little Miss Party" in conjunction with those negative reviews/complaints of Defendants party planning services.

27. Defendants poor performance and trail of disgruntled customers has become so prolific and so notorious that it has become the source of local television news broadcasts. *See* ABC Channel 10 news story "San Diego Wedding Planner Accused of Taking Bride's Money" aired on April 21, 2021 and available at [www.10news.com/news/team-10/san-diego-wedding-planner-accused-of-taking-brides-money](www.10news.com/news/team-10/san-diego-wedding-planner-accused-of-taking-brides-money). The local ABC San Diego news broadcast contained information putting LMP in a negative light, such as "Little Miss Party Planner promising beautiful weddings and then taking some of their money, not providing the agreed-upon services." Elsewhere in the broadcast, it is mentioned that "Gartner and Little Miss Party Planner were supposed to take care of most everything associated with a wedding," but instead Defendants left the customers "hanging in the very end." Importantly for purposes of this case is that the subtitle to the news story was "Natalie Gartner operated Little Miss Party Planner" and that the words "Little Miss Party" appeared repeatedly throughout the local television broadcast all in a negative, disparaging light.

28. Defendants unauthorized use of the LITTLE MISS PARTY® service mark to promote, advertise, market and offer their services has also led to instances of actual confusion in the marketplace.

29. LMP has received misdirected invoices seeking payment for purchases made by Defendants. For instance, Plaintiff received in July 2020 an invoice from a third party vendor named Violet Cake Co. seeking payment for goods purchased by Defendants.

30. LMP has also received misdirected correspondence complaining about the services, or more accurately lack of services, provided by Defendants. For instance, LMP received an email from the Penske Truck Rental company complaining about Defendants failure to return a truck they rented. In addition, LMP received a

voice mail message in July 2021 from one of Defendants' customers demanding a refund because Defendants never provided the promised services for which the customer had paid.

32. The customer complaints with Defendants services have led to a Better Business Bureau ("BBB") "Business Profile" for "Little Miss Party Planner" available at www.bbb.org/us/ca/chula-vista/profile/party-planning/little-miss-party-planner-1126-1000079505 containing a catalogue of the multitude of complaints it has received. However, the most damaging aspect of the BBB complaint registry is that LMP's website is identified on its Business Profile as one associated with Defendants.

## FIRST CLAIM FOR RELIEF
### (FEDERAL TRADEMARK INFRINGEMENT)
### (Against All Defendants)

32. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 31. above, as if fully set forth herein.

33. At all relevant times hereto, Plaintiff has been the sole and exclusive owner of the LITTLE MISS PARTY® mark, including, among others, the following United States trademark registration for "Little Miss Party": Registration No. 4,185,442 which is valid and subsisting.

34. Plaintiff's registered trademark includes use for, but is not limited to: "*Party and wedding planning and coordination services*," "*Party and wedding planning consultation services*," "*Party and wedding planning, coordination and consultation services*," and "*Wedding planning and coordination services*."

35. Plaintiff has overseen, controlled, and directed wedding planning services that have been marketed, advertised, and promoted in connection with the LITTLE MISS PARTY® mark. As a result of this marketing, advertising, promotion and use of the LITTLE MISS PARTY® mark, the mark has come to mean and is understood to signify a direct connection to Plaintiff's widely acclaimed special event

planning services. The LITTLE MISS PARTY® mark is one of the means by which such services are distinguished from the services of others in the market.

36. Through continued and extensive use and advertising, the LITTLE MISS PARTY® mark is distinctive and, at a minimum, has acquired secondary meaning by purchasers and the consuming public so as to become exclusively identified with reference to the special event planning services provided by Plaintiff.

37. Including through its zealous oversight of the services rendered in connection with the LITTLE MISS PARTY® mark, Plaintiff has cultivated substantial goodwill in the mark, and special event planning services provided under the name "Little Miss Party" and using the LITTLE MISS PARTY® mark are understood by customers to mean the authentic, authorized and/or endorsed high quality special event planning services provided by Plaintiff.

38. Defendants have infringed Plaintiff's mark in interstate commerce by various acts, including the promotion and marketing of their competing wedding planning services using the words "Little Miss Party" in its website, social media accounts, and materials provided to customers and potential customers. Defendants wrongfully used and continue to use a mark substantially similar, indeed identical, to the LITTLE MISS PARTY® mark and/or other words, terms, names, symbols, or devices, in commerce, in connection with their goods and services.

39. Such use is without permission or authority of Plaintiff.

40. Defendants unauthorized use of the LITTLE MISS PARTY® mark in connection with their special event services is likely to cause, and has caused, confusion, mistake, or deception as to the source, origin, or approval of Defendants' goods and services.

41. Defendants' activities are also likely to lead, and have led, members of the public to conclude, incorrectly, that Defendants are affiliated, connected and/or associated with Plaintiff's highly acclaimed special event planning services, to the damage and harm to the Plaintiff and the public. Defendants' actions have led to

instances of actual confusion by vendors and consumers as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities, by Plaintiff.

42. Defendants' violation of Plaintiff's rights in the service mark and trademark LITTLE MISS PARTY® is knowing, willful, deliberate, fraudulent, and intentional, and was made with the knowledge that such a violation would damage Plaintiff and its service mark and trademark.

43. As a direct result of Defendants' violations, as aforesaid, Plaintiff has suffered substantial damages in an amount to be proven at trial.

44. Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if Defendants' actions are not enjoined: (i) Plaintiff's LITTLE MISS PARTY® service mark is a unique and extremely valuable property right; (ii) Defendants' infringement of that mark constitutes an interference with Plaintiff's goodwill in the mark and customer relationships, and has already caused substantial harm to and will continue to substantially harm Plaintiff's reputation and the LITTLE MISS PARTY® mark as the source for the widely acclaimed special event planning services associated with Plaintiff, and (iii) Defendants' wrongful conduct, and the damages resulting to Plaintiff, are continuing. Accordingly, Plaintiff is also entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a), to stop Defendants' ongoing acts.

45. Defendants' unlawful and willful conduct renders this case an exceptional case, and therefore Plaintiff is entitled to recover reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN)
### (Against All Defendants)

46. LMP realleges and incorporates by reference the allegations in paragraphs 1 through 45 above, as if fully set forth herein.

47. At all times relevant hereto, LMP has been the exclusive owner of the trademark LITTLE MISS PARTY®.

48. Through continued and extensive use and advertising, the service mark LITTLE MISS PARTY® has become exclusively identified with LMP.

49. Defendants have wrongfully used and continue to use the service mark LITTLE MISS PARTY® and/or other confusingly similar words, terms, names, symbols, or devices, in commerce, in connection with their goods and services.

50. Such use is likely to cause and has already caused confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with LMP, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities, by LMP.

51. Defendants' violation of LMP's rights in the service mark LITTLE MISS PARTY® is knowing, willful, deliberate, fraudulent, and intentional, and was made with the knowledge that such violation would damage LMP and the service mark.

52. As a direct result of Defendants' violations, as aforesaid, LMP has suffered substantial harm including, but not limited to, irreparable harm which cannot be remedied unless Defendants are enjoined from use of the trademark, as well as damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### (FEDERAL TRADEMARK DILUTION)
**(Against All Defendants)**

53. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 52 above, as if fully set forth herein.

54. Through use in advertising of Plaintiff's special event planning services, through high profile newspaper and magazine articles concerning the same, and through nationwide media broadcasts about the same the LITTLE MISS PARTY® service mark is famous and recognized by the consuming public throughout the

United States for the unique and acclaimed special event planning services of the same by Plaintiff.

55. Long after the LITTLE MISS PARTY® service mark became famous and well-known among the consuming public throughout the United States, Defendants misappropriated the LITTLE MISS PARTY® service mark for their own use and commercial advantage in interstate commerce, without authorization and in disregard of Plaintiff's rights, and in a manner that will cause dilution by blurring of Plaintiff's LITTLE MISS PARTY® service mark.

56. Separately, Defendants' juxtaposition of the LITTLE MISS PARTY® service mark with their disgraced goods and services that cannot properly be called or equated with the high caliber of unique special event planning services associated with Plaintiff has caused and will continue to cause damage to the reputation of the LITTLE MISS PARTY® service mark, and thereby constitutes dilution by tarnishment of the LITTLE MISS PARTY® service mark.

57. Defendants' unauthorized use of the registered service mark belonging to Plaintiff tends to and does dilute the distinctive quality of the registered service mark and will diminish and destroy the public association of the registered service mark with Plaintiff's highly acclaimed special event planning services.

58. Plaintiff is informed and believes, and on that basis alleges, that Defendants knowingly and willfully intended to trade on and dilute Plaintiff's goodwill and reputation of its LITTLE MISS PARTY® service mark.

59. Defendants' actions have caused Plaintiff damage, and thus Plaintiff is entitled to recover Defendants' profits together with Plaintiff's damages, which may be trebled, as well as costs of the action pursuant to 15 U.S.C. § 1117(a).

60. Defendants' unlawful and willful conduct renders this case an exceptional case, further entitling Plaintiff to recover its reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

61. Plaintiff stands to suffer irreparable harm and dilution to its LITTLE MISS PARTY® service mark through blurring and tarnishment of this service mark, and Plaintiff is therefore entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

## FOURTH CLAIM FOR RELIEF

### (TRADEMARK DILUTION UNDER STATE LAW)

### (Cal. Bus. & Prof. Code § 14247 *et seq.*)

### (Against All Defendants)

62. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 61 above, as if fully set forth herein.

63. Defendants' conduct, as detailed above, dilutes the distinctive quality of Plaintiff's "LITTLE MISS PARTY" service mark. This constitutes trademark dilution under Cal. Bus. & Prof. Code § 14247 *et seq*.

64. In performing the conduct described above, on information and belief, Defendants acted knowingly, willfully and with malice, intending to injure Plaintiff and to wrongfully advantage themselves at Plaintiff's expense. Plaintiff is therefore entitled to an award of Defendants' profits and Plaintiff's damages, both of which may be trebled.

65. Absent injunctive relief, Plaintiff has no means by which to control Defendants' infringement and dilution of the "LITTLE MISS PARTY" service mark. Plaintiff is thus entitled to preliminary and permanent injunctive relief prohibiting Defendant from continuing to commit such acts as described above.

## FIFTH CLAIM FOR RELIEF

### (UNFAIR COMPETITION UNDER STATE LAW)

### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

### (Against All Defendants)

66. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 65 above, as if fully set forth herein.

67. At all relevant times hereto, Plaintiff has been the exclusive owner of the service mark LITTLE MISS PARTY.

68. Through continued and extensive use and advertising, the service mark LITTLE MISS PARTY has become exclusively identified with Plaintiff.

69. Defendants' acts as described above have impaired the goodwill in the LITTLE MISS PARTY service mark, have created a likelihood of confusion among the consuming public in this judicial district and elsewhere, and have otherwise adversely affected Plaintiff's business and reputation by use of unfair business practice and false association, including, but not limited to, trademark infringement and trademark dilution. These acts constitute unfair competition and unfair business practices under California Business & Professions Code § 17200 *et seq*.

70. Defendants' violation of Plaintiff's rights in the service mark are willful, deliberate, and intentional, and was made with the knowledge that such violation would damage Plaintiff and its service mark.

71. Defendants' aforesaid actions constitute unlawful, unfair, malicious or fraudulent practices that have injured and violated the rights of Plaintiff in an amount to be determined at trial.

72. As a direct result of Defendants' violations, absent injunctive relief, Plaintiff has no means by which to control Defendants' deceptive and confusing use of the LITTLE MISS PARTY service mark. Plaintiff is thus entitled to injunctive relief prohibiting Defendants from continuing their acts of unfair competition. Plaintiff is also entitled to restitution to the extent provided by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action.

2. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants and each of them and their agents, servants, employees and co-venturers, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

(a) Using the name "Little Miss Party" or any confusingly similar or colorable imitation of the name, in connection with advertising in any form, or in connection with the goods or services of Defendants or any of them;

(b) Using the name "Little Miss Party" or any confusingly similar or colorable imitation of the name, in any manner for the purpose of enhancing the commercial value of the goods or services of Defendants;

(c) Otherwise infringing or diluting the distinctive quality of Plaintiff's registered service mark "Little Miss Party";

(d) Causing a likelihood of confusion, deception or mistake as to the makeup, source, nature or quality of Plaintiff's or Defendants' services;

(e) Contacting vendors who provides goods or services for special events or other businesses for the purpose of assisting with Defendants provision of its services as "Little Miss Party" or any confusingly similar or colorable imitation of the name.

3. For an order requiring Defendants to deliver up and destroy, at Defendants' sole expense, any and all promotional literature, advertising, goods or other material bearing the infringing, diluting or injurious designations or mark pursuant to 15 U.S.C. § 1118.

4. That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116.

5. That Defendants be required to account to Plaintiff for all income and benefits received by Defendants from use of Plaintiff's service mark or colorable imitation thereof, and that Defendants be required to disgorge all such income.

6. For actual damages in an amount to be proved at trial.

7. For costs, including reasonable attorney's fees.

8. For treble the amount of actual damages suffered by Plaintiff.

9. For pre-judgment and post-judgment interest.

10. For such other relief as the court deems appropriate.

Date: December 27, 2021                Respectfully submitted,

**THE MYERS LAW GROUP**

    /s/Michael M. Kowsari
Nicholas D. Myers
Michael M. Kowsari
Attorneys for Plaintiff
LITTLE MISS PARTY PLANNER, LLC,
a New York limited liability company

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues in this case that are triable to a jury.

Date: December 27, 2021       Respectfully submitted,

**THE MYERS LAW GROUP**


            /s/ Michael M. Kowsari
Nicholas D. Myers
Michael M. Kowsari
Attorneys for Plaintiff
LITTLE MISS PARTY PLANNER, LLC,
a New York limited liability company

20
COMPLAINT